# Impermissibility of Deputizing the House Sergeant at Arms as a Special Deputy U.S. Marshal

Appointment of the House Sergeant at Arms as a Special Deputy U.S. Marshal would entail an overlapping of congressional and executive accountability that is incompatible with separation of powers requirements, and it would impermissibly involve the institution of Congress in executive branch law enforcement.

April 10, 1995

MEMORANDUM OPINION FOR THE DEPUTY ATTORNEY GENERAL

You have asked our opinion whether there is any constitutional impediment to the deputation of the Sergeant at Arms of the House of Representatives ("HSA") as a Special Deputy United States Marshal ("DUSM"). Given the nature of the HSA's status and statutory duties as an Officer of the House — which include maintaining order in the House under the direction of the Speaker — it would be virtually impossible to separate or segregate those duties from the law enforcement duties of a DUSM, giving rise to inherent conflicts in accountability between the two positions. Consequently, we conclude that the proposed arrangement would raise serious concerns under the constitutional separation of powers.

## I. BACKGROUND

On May 25, 1994, this office issued an opinion advising that the appointment of a United States Senator as a DUSM would be inconsistent with separation of powers principles.[1] We primarily based that conclusion upon "the principle recognized in *Bowsher v. Synar*, 478 U.S. 714 (1986), that Congress may not exceed its constitutionally prescribed authority by playing a direct role in executing the laws." 18 Op. O.L.C. at 125. Although such an appointment might raise additional problems under the Incompatability Clause of Article I, Section 6, we did not reach that issue in the earlier opinion. *See* U.S. Const. art. I, §6, cl. 2.

We were subsequently asked whether the deputation of an employee on the personal staff of a U.S. Senator, for purposes of providing protection and personal security against threatened violence[2], would be constitutionally permissible. We concluded that it would. Our views on that issue were reflected in a Memorandum from the Director of the United States Marshals Service ("USMS") to you, reviewed and endorsed by this office, dated January 26, 1995. Memorandum for

---

[1] *Deputization of Members of Congress As Special Deputy U.S. Marshals*, 18 Op. O.L.C. 125 (1994).

[2] The Senator in question was also President Pro Tempore of the Senate and Chairman of the Armed Services Committee.

the Deputy Attorney General, from Eduardo Gonzalez, Director, United States Marshal Service, *Re: Continued Deputation* (Jan. 26, 1995) ("Joint Memorandum"). In concluding that deputation of the congressional staff member would not violate the separation of powers, the Joint Memorandum stated:

> The deputized staff person is not a Member of Congress and exercises no legislative power under Article I of the Constitution; nor would Congress (or any member thereof) have the authority to grant or revoke his appointment as a special DUSM, *or to control or supervise his official duties as such.*

Joint Memorandum at 2 (emphasis added).

By letter dated February 27, 1995, to the USMS, the Sergeant at Arms of the House has requested special deputation as a DUSM. In justification of the requested deputation, the letter states in pertinent part:

> This letter would like to request special deputation to carry a weapon since I have been recently sworn in as the Sergeant at Arms for the United States House of Representatives (House). As the Chief of law enforcement, my duties involve the protection of House members, investigation of threats, enforcement of the commands of the House, which includes the execution of arrest and search warrants, and the maintenance of order of the House, and other duties relating to the investigation and enforcement of the laws relating to Members of Congress and the general public.

By memorandum to you dated March 31, 1995 ("USMS Memorandum"), the Deputy Director of the USMS has recommended against granting the requested deputation. In so recommending, the USMS memorandum asserts that the deputation in question would raise constitutional separation of powers issues, stating:

> If he were deputized by the Marshals Service, he would use the additional authority from that deputation in furtherance of his duties as the Sergeant at Arms of the House of Representatives. Thus, the purpose of his deputation would be concurrent with his duties as the House Sergeant at Arms. Since the House Sergeant at Arms remains in office subject to removal by the House of Representatives, 2 U.S.C. 83, the House, on its own initiative, could remove the Sergeant at Arms from the position which is intertwined with his deputation.

USMS Memorandum at 2.

In light of our prior opinions in this area, you have now requested our analysis of whether the USMS is precluded on constitutional grounds from deputizing the House Sergeant at Arms.

## II. ANALYSIS

The House Sergeant at Arms is an Officer of the Congress. 2 U.S.C. § 60–1(b)(1). As part of his duties he is required

> to attend the House during its sittings, to maintain order under the direction of the Speaker, and, pending the election of a Speaker or Speaker pro tempore, under the direction of the Clerk, execute the commands of the House and all processes issued by authority thereof, directed to him by the Speaker.

2 U.S.C. § 78.[3] The HSA is subject to removal by the House of Representatives. 2 U.S.C. § 83.

It is evident that the HSA's appointment as a DUSM for the purposes outlined in his letter of request would entail unavoidable conflicts in accountability with his duties and responsibilities as an Officer of the House. The letter makes it clear that the deputation is sought for the purpose of facilitating the HSA's duties to maintain order in the House and to enforce ''the commands of the House.'' In performing his duty ''to maintain order [in the House] *under the direction of the Speaker*,'' 2 U.S.C. § 78 (emphasis added), the HSA could not maintain the accountability to the Director of the USMS, the Attorney General, and ultimately the President, that is required of a DUSM. Such overlapping of congressional and executive accountability is incompatible with separation of powers requirements. *See Bowsher*, 478 U.S. at 726–32 (Comptroller General, who is ''an officer of the Legislative Branch'' and ''controlled by Congress,'' cannot constitutionally be permitted to execute the laws).

Moreover, we believe that the proposed deputation of the House Sergeant at Arms, like the deputation of a Member of Congress, would impermissibly involve the institution of Congress in executive branch law enforcement. *See id.* at 726–31. In this context, we do not think the activities of the House Sergeant at Arms for which deputation is sought can be separated from the institution of Congress for separation of powers purposes.

The situation of the staff employee of a Senator whose re-deputation has been recently approved by this office is distinguishable in several important respects. Unlike the HSA, that person's employment as a Senator's aide did not involve institutional duties to enforce order within the congressional sphere which could

---

[3] *See also* 2 U.S.C. § 79, providing that, ''[t]he symbol of his [i.e., the HSA] office shall be the mace, which shall be borne by him while enforcing order on the floor.''

come into conflict with his accountability to the Attorney General as a DUSM. As stated in the memorandum approving that deputation, neither Congress, the Senate, nor any member thereof would have legal authority to control or supervise his limited protective duties as a DUSM. The limited protective function for which he was deputized is not subject to congressional supervision, whereas the HSA seeks deputation in connection with the very activities as to which, by statute, he is "under the direction of the Speaker" and subject to "the commands of the House." 2 U.S.C. §78.

Additionally, we do not think that a staff employee of a Senator or Representative, who is not an Officer of the Congress, *see* 2 U.S.C. §60–1(b)(1), can be equated with the institution of Congress for purposes of assessing the issue presented here. Unlike the HSA, his employment, duties, and removal are not controlled by either House as an institution; rather, he is hired, supervised, and removable at the discretion of a single Member.

RICHARD L. SHIFFRIN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*
